IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JOHNTA RAESHAWN FIELDS,           )
                                  )
        Petitioner,                )
                                  )
v.                                )    Civil No. 3:09CV452-HEH
                                  )
L. KELLY,                         )
                                  )
        Respondent.                )

## MEMORANDUM OPINION
(Granting Respondent's Motion to Dismiss
28 U.S.C. § 2254 Petition; Dismissing Action)

Johnta Raeshawn Fields ("Petitioner"), a Virginia inmate proceeding *pro se*, filed this action under 28 U.S.C. § 2254 challenging his conviction and sentence. The Respondent has filed a motion to dismiss. Petitioner has replied.[1] The § 2254 motion is ripe for disposition.

---

[1] Petitioner's response, titled "Motion to Grant," argues only that Petitioner is entitled to default judgment due to Respondent's untimely response. Petitioner is imprisoned pursuant to a presumptively valid conviction, and the Court will not reverse that conviction merely because the Respondent has failed to comply with a deadline. *See United States v. Dill*, 555 F. Supp. 2d 514, 521 (E.D. Pa. 2008) (reasoning that "'[w]ere district courts to enter default judgments without reaching the merits of [a habeas] claim, it would be not the defaulting party but the public at large that would be made to suffer'" (second alteration in original) (quoting *Bermudez v. Reid*, 733 F.2d 18, 21 (2d Cir. 1984))); *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970). Petitioner's Motion to Grant (Dk. No. 19) will be DENIED.

# I. PROCEDURAL HISTORY

On October 24, 2006, the Circuit Court for the City of Portsmouth ("the Circuit Court"), after a bench trial, convicted Petitioner of attempted capital murder and use of a firearm in the commission of a felony. The Circuit Court also convicted Petitioner of attempted robbery and use of a firearm in commission of a felony pursuant to Petitioner's guilty plea. On February 14, 2007, the Circuit Court sentenced Petitioner to a total active term of imprisonment of twenty-five years.

Petitioner appealed, claiming that the trial court erred in finding that the testimony of jailhouse informant Domonique Stewart was sufficient to prove Petitioner's guilt beyond a reasonable doubt. On October 31, 2007, the Court of Appeals of Virginia affirmed Petitioner's conviction. *Fields v. Commonwealth*, Record No. 0522-07-01 (Va. App. Oct. 31, 2007). On September 18, 2008, the Supreme Court of Virginia affirmed Petitioner's Conviction. *Fields v. Commonwealth*, Record No. 080578 (Va. Sept. 18, 2008). Petitioner filed a state habeas petition in the Supreme Court of Virginia, raising the following grounds for relief:

> Claim 1     Appellate counsel rendered ineffective assistance by failing to timely perfect Petitioner's appeal.[2]

---

[2] The Supreme Court of Virginia initially denied Petitioner's appeal as untimely filed. *Fields v. Commonwealth*, Record No. 072471 (Va. Dec. 19, 2007). The Supreme Court subsequently accepted Petitioner's appeal. On September 18, 2008, following oral argument, Petitioner's appeal was denied. *Fields v. Commonwealth*, Record No. 080578 (Va. Sept. 18, 2008).

Claim 2    Trial counsel rendered ineffective assistance by failing to move to strike the Commonwealth's evidence as insufficient to sustain a conviction.

The Supreme Court of Virginia denied the Petition on May 28, 2009, finding Claim 1 moot because Petitioner was granted a delayed appeal and Claim 2 meritless because trial counsel moved to strike the evidence at the conclusion of the Commonwealth's evidence and at the conclusion of all of the evidence. *Fields v. Warden, Sussex I State Prison*, Record No. 082452, at 1-2 (Va. May 28, 2009).

On August 14, 2009, the Court received Petitioner's federal habeas petition.[3] Petitioner brings the following claims:

Claim One    The Commonwealth presented insufficient evidence of Petitioner's guilt to sustain his conviction.

Claim Two    Trial counsel rendered ineffective assistance in conjunction with Petitioner's guilty plea.

Respondent has filed a motion to dismiss, asserting that Petitioner's claims lack merit. Petitioner has filed a response wherein he argues that Respondent has defaulted by untimely filing a response.

## II. THE APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS CORPUS REVIEW

In order to obtain federal relief, an inmate must demonstrate that his rights under the Constitution, law, or treaties of the United States were violated. *Estelle v. McGuire*,

---

[3] This action was commenced on July 20, 2009, when Petitioner filed a Motion for an Extension of Time to file a federal habeas petition. (Petr.'s Mot. for Extension of Time.)

502 U.S. 62, 67-68 (1991). Furthermore, this Court's ability to grant relief by way of a writ of habeas corpus is circumscribed by 28 U.S.C. §§ 2254(d) and 2254(e)(1). Under § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim adjudicated on the merits in the state court unless the adjudicated claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). The Supreme Court has clarified that the phrases "contrary to" and "unreasonable application of" in 28 U.S.C. § 2254(d)(1) have independent meanings. *Penry v. Johnson*, 532 U.S. 782, 792 (2001). "A decision is 'contrary to' clearly established federal law if it either applies a legal rule that contradicts prior Supreme Court holdings or reaches a conclusion different from that of the Supreme Court 'on a set of materially indistinguishable facts.'" *Buckner v. Polk*, 453 F.3d 195, 198 (4th Cir. 2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)), *cert. denied*, 549 U.S. 1284 (2007). In contrast, "[a] decision is an 'unreasonable application' of clearly established federal law if it 'unreasonably applies' a Supreme Court precedent to the facts of the petitioner's claim." *Id.* (quoting *Williams*, 529 U.S. at 413). Thus, § 2254(d) places an additional hurdle before federal habeas petitioners as they must demonstrate not only that the state court's decision was erroneous or incorrect, but also that it was unreasonable. *See Williams*, 529 U.S. at 412-13. Additionally, under § 2254(e)(1), a factual finding by a

4

state court is presumed correct absent clear and convincing evidence to the contrary. *See Wolfe v. Weisner*, 488 F.3d 234, 239 (4th Cir. 2007).

### III. SUFFICIENCY OF THE EVIDENCE

On federal habeas review, "a claim that evidence is insufficient to support a conviction as a matter of due process depends on 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Wright v. West*, 505 U.S. 277, 283-84 (1992) (*quoting Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because federal habeas courts must not unduly intrude upon the factfinding role of the trial court or jury, this Court must assume that any conflicting evidence was resolved in favor of the prosecution. *Wilson v. Greene*, 155 F.3d 396, 405-06 (4th Cir. 1998); *Jackson*, 443 U.S. at 323. Courts are to "consider both circumstantial and direct evidence, and allow the government all reasonable inferences that could be drawn in its favor." *United States v. Harvey*, 532 F.3d 326, 333 (4th Cir. 2008) (*citing United States v. Tresvant*, 677 F.2d 1018, 1021 (4th Cir. 1982)). While the prosecution must prove guilt beyond a reasonable doubt, the Due Process Clause does not mandate the negation of "every circumstance or explanation consistent with innocence that could flow from a given set of facts." *Berryman v. Moore*, 619 F. Supp. 853, 855 (E.D. Va. 1985) (*citing United States v. Chappell*, 353 F.2d 83, 84 (4th Cir. 1965)).

The Court of Appeals of Virginia aptly summarized the evidence at trial in this case as follows:

5

> [T]he evidence proved that appellant attempted to rob Troy Cox, Sr. at gunpoint. Cox wrestled with appellant, causing appellant to flee the scene. Ten to twelve minutes later, Cox heard two successive gunshots.
>
> Officer Beth Reed responded to the robbery location. Upon arriving, she heard a radio message that an officer was chasing the robbery suspect, after which she saw someone run by, jump a fence, and fall to the ground. Reed ran toward the fallen person, identified herself as a police officer, and ordered him to stop and remain on the ground. The man got up and ran to the backyard of a nearby house. Reed attempted to cross a fence next door to the house when she "heard a shot and saw a muzzle flash." Reed immediately took cover behind a pole. Her view of the muzzle flash showed the gun was aimed in her direction when it fired. Reed saw only one muzzle flash but "heard two bangs" which she believed were gunshots.
>
> Domonique Stewart was in jail with appellant after appellant was arrested. There, appellant told Stewart that "he probably would get off on a technicality being that the bullet was in the car at an incorrect angle," and "if he had better aim, he might would have hit [Reed]."
>
> * * *
>
> Cox testified he heard two successive gunshots. Officer Reed stated she heard two "bangs" and, from the muzzle fire, recognized that appellant's gun was fired in her direction. Stewart testified that appellant boasted he would "get off on a technicality" and would have hit Reed if only he had better aim. The trial court believed the testimony of these witnesses and rejected appellant's theory that his gun accidentally discharged. . . . The Commonwealth's evidence was competent, was not inherently incredible, and was sufficient to prove beyond a reasonable doubt that appellant had the requisite intent when he shot at Reed.

*Fields v. Commonwealth*, Record No. 0522-07-01, at 1-3 (Va. App. Oct. 31, 2007).

Petitioner contends that the testimony of Dominique Stewart was insufficient to "exclude every reasonable hypothesis except that of guilt," and that the facts must be not

only consistent with guilt, but inconsistent with innocence. (Pet. 6(1) (citing *Cameron v. Commonwealth*, 175 S.E.2d 275, 276 (Va. 1970)) (capitalization corrected).) This Court, however, must evaluate Petitioner's claim with reference to the rule in *Jackson* rather than the more favorable rule of Virginia state law. *See Stamper v. Baskerville*, 531 F. Supp. 1122, 1125 & n.2 (E.D. Va. 1982). Thus, Petitioner's argument that other evidence was consistent with a finding of innocence is irrelevant. *See Berryman*, 619 F. Supp. at 855. The decision of the Virginia Court of Appeals was not an unreasonable application of federal law. Claim One will be DISMISSED.

## IV. INEFFECTIVE ASSISTANCE OF COUNSEL

To succeed on an ineffective assistance of counsel claim, a petitioner must show that counsel's deficient representation prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, Petitioner must prove that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The Court's review of counsel's performance must be highly deferential, indulging "'a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Williams v. Ozmint*, 494 F.3d 478, 484 (4th Cir. 2007) (*quoting Strickland*, 466 U.S. at 689), *cert. denied*, 128 S. Ct. 1445 (2008). "The defendant (or petitioner) bears the burden of overcoming this presumption." *Id.* (*citing Strickland*, 466 U.S. at 689).

Demonstrating prejudice requires a petitioner to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding

would have been different." *Strickland*, 466 U.S. at 694. "'A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Glover v. Miro*, 262 F.3d 268, 275 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 694). In the context of a guilty plea, the Supreme Court has modified the prejudice prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If a petitioner fails to show either prejudice or deficiency, the Court is not obliged to address the other element. *Strickland*, 466 U.S. at 697.

Petitioner's claim is not well developed. Petitioner contends that his "decision to plead guilty was influenced by factors that have nothing to do with Petitioner's guilt," which were "the inability of Petitioner to disprove the State's case" and "the Petitioner's lack of knowledge to what he was admitting." (Pet. 9) (capitalization corrected).) Petitioner fails to articulate any basis upon which the Court could conclude that counsel's performance was deficient. *See Call v. Polk*, 454 F. Supp. 2d 475, 499 (W.D.N.C. 2006) ("When a habeas petitioner claims that trial counsel was ineffective without explaining in what manner the performance was lacking, the reviewing court is not obliged to supply the grounds for relief."), *aff'd*, 254 F. App'x 257 (4th Cir. 2007) (No. 06-27). Moreover, Petitioner fails to allege that he would have gone to trial absent counsel's deficiency, much less to make any persuasive showing thereof. Claim Two will be DISMISSED.

## V. CONCLUSION

Petitioner's claims will be DISMISSED. The habeas petition will be DENIED. Petitioner's motion to grant will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

An appropriate Order will accompany this Memorandum Opinion.

                                      /s/
                                 HENRY E. HUDSON
                                 UNITED STATES DISTRICT JUDGE

Date: Sept. 14, 2010
Richmond, Virginia